FILED 08 MAR 28 08:28 USDC-ORP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,       Crim. No. 03-59-HA
                                              Civil No. 07-70003-HA

    v.
                                              OPINION and ORDER

WILLIAM ROSS HILL,

        Defendant/Petitioner.

HAGGERTY, Chief Judge:

Defendant filed a pro se Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [23]. The government responded [30]. Defendant replied [34]. After considering the record and arguments presented, defendant's motion is denied.

## I.   BACKGROUND

Defendant was charged on February 13, 2003, with one count of possession of child pornography. A detainer was placed on defendant because he was in state prison, serving an 80-

1 OPINION AND ORDER

month sentence for sex abuse. On February 25, 2003, defendant received notice of the detainer, was advised of his rights pursuant to its issuance, and signed the reverse of the detainer in the presence of a corrections counselor. Defendant explicitly waived his rights to a speedy trial when he signed the detainer. On January 31, 2005, defendant was appointed counsel. On February 15, 2005, defense counsel wrote the government, indicated his representation of defendant and requested discovery. In that letter, defense counsel also requested that the government issue a petition for a Writ of Habeas Corpus ad Prosequendum. On August 29, 2005, defense counsel again wrote the government. In this letter, defense counsel specifically requested, pursuant to the Interstate Agreement on Detainers Act (IADA), that defendant be presented in federal court for arraignment. The letter accompanied a similar request and notice to the Clerk of the Court for the District of Oregon.

Following the issuance of a Writ of Habeas Corpus ad Prosequendum on September 8, 2005, defendant made his first appearance on September 22, 2005. Defendant's trial date was continued twice, and on February 27, 2006, he pled guilty. Pursuant to the plea agreement, defendant was sentenced to 24 months of incarceration, to run concurrently with defendant's state prison sentence. According to the terms of the sentence, defendant was to be given credit for time served from February 13, 2003, the date of the filing of the federal indictment. This sentenced amount to "time served."

Defendant filed this motion on February 5, 2007.

## II.    ANALYSIS

Defendant's claims assert several theories of ineffective assistance of counsel. Defendant argues that his counsel was ineffective by (1) failing to make a proper demand under the IADA,

(2) failing to challenge the length of time between indictment and arraignment, (3) failing to challenge the search warrant relied upon to obtain the computers that contained the child pornography for which he was charged, and (4) failing to challenge the ownership of these computers.

In order to prevail on a claim for ineffective assistance of counsel "the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice." *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Under *Strickland*, counsel's competence is presumed and thus [petitioner] must rebut this presumption by demonstrating that [defense counsel's] performance was unreasonable under prevailing professional norms and was not the product of sound strategy." *Lambright v. Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007) (per curiam). Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

To show prejudice, defendant must demonstrate "that the attorney's deficient performance prejudiced the defendant such that 'there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Strickland*, 466 U.S. at 688). To demonstrate prejudice in a case where the defendant has pled guilty "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would have not [pled] guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1.   IADA Demand

Defendant asserts that defense counsel was ineffective by failing to file a proper notice with the United States Attorney and the Clerk of Court in a manner consistent with the IADA.

As interpreted by the Supreme Court, the 180-day time period under the IADA for bringing prisoners to court does not commence until the prisoner's demand has actually been delivered to the court and prosecutor of the jurisdiction that lodged the detainer against him. *Fex v. Michigan*, 507 U.S. 43, 52 (1993). Defense counsel's first letter to the government, on February 15, 2005, requested that the government issue a petition for a Writ of Habeas Corpus ad Prosequendum, but defense counsel did not send an accompanying letter to the Clerk of Court until August 29, 2005. Defendant asserts that this delay resulted in ineffective assistance of counsel.

Assuming that defense counsel's delay in notifying the Clerk of Court was deficient, the court concludes that defendant has not shown how such deficiency prejudiced him. Defendant pled guilty on February 27, 2006, and received a sentence that amounted to time served. Defendant asserts no facts to indicate he would not have pled guilty or received a more favorable sentence if defense counsel had made a more timely IADA demand to the Clerk of Court.

2.   Delay Between Arraignment and Indictment

Defendant asserts that defense counsel was also ineffective in failing to challenge the delay between arraignment and indictment as excessive. Defendant notes that he was unable to present any witnesses on his behalf because a witness who was reportedly valuable to his case died before he was able to offer her testimony. The record indicates, however, that defendant clearly waived his speedy trial rights when he signed the receipt of detainer, prior to the

4   OPINION AND ORDER

appointment of counsel. Without identifying a legal basis upon which defense counsel was to challenge the delay between arraignment and indictment, defendant has failed to show "grossly deficient performance by his counsel." *Womack*, 497 F.3d at 1002.

3.  Challenge to Search Warrant

Defendant argues that defense counsel was ineffective when he failed to challenge the search warrant relied upon to obtain the computers that contained child pornography. Defendant's argument on this point is unclear. The record indicates that a state search warrant was served on defendant's residence, and that the computers were later seized by the federal government as evidence. Defendant has not identified what search warrant federal defense counsel was to challenge, nor the constitutional grounds for such a challenge, and therefore this claim fails.

4.  Challenge to Computer Ownership

Defendant asserts that defense counsel was ineffective by failing to investigate the ownership of the computers which contained the child pornography at issue. Defendant argues that Clackamas County was ordered to return the computers to the actual owner, someone other than defendant. Defendant apparently contends that evidence of computer ownership would have been exculpatory in his case. First, the gravamen of defendant's conviction is not ownership, but merely the exercise of dominion or control over the child pornography, and therefore the issue of ownership is not exculpatory. Second, defendant has failed to show any prejudice. In his plea hearing, defendant admitted to possessing child pornography. Again, defendant has failed to show the required deficiency or prejudice in this aspect of his petition as well.

### III. CONCLUSION

Based on the foregoing, defendant William Ross Hill's Amended Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [23] is DENIED.

IT IS SO ORDERED.

DATED this 28 day of March, 2008.

Ancer L. Haggerty
United States District Judge